UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH DICESARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-0295-CVE-MTS |
| | ) | |
| CHEROKEE NATION, DAVID BECK, | ) | |
| DAVID POINDEXTER, and JAKE | ) | |
| CALLIHAN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). On June 20, 2024, plaintiff Joseph DiCesare filed a pro se complaint (Dkt. # 1) and a motion for leave to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees"). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $52 administrative fee.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth

Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

Plaintiff's claims arise out of events that occurred in 1986 and 1987 that he describes as his own "trail of tears." Dkt. # 1, at 5. Plaintiff claims that, on September 12, 1986, he was physically assaulted by two members of the Cherokee Nation while he was staying in a trailer home with his girlfriend, and the fight ended only after plaintiff shot at the assailants, Jerry Staller and Bryan Budder. Id. at 7. Staller allegedly believed that plaintiff or his family had stolen Staller's marijuana, and Staller pursued criminal charges against plaintiff based on plaintiff's use of a firearm during the altercation. Id. at 7-8. Plaintiff's family owned a general store, and plaintiff vaguely alleges that the Cherokee Nation discouraged its citizens from shopping at the store. Id. at 9. Plaintiff claims that his family's store closed due to the Cherokee Nation's actions, and he also alleges that the Cherokee Nation encouraged others to commit acts of violence against plaintiff and his family. Id. at 10-11. Plaintiff claims that his family is the victim of "reverse discrimination" and that plaintiff and his family are "white without rights." Id. at 10. Plaintiff asserts an equal protection claim (count I) against defendants, as well as a claim styled as violation of human rights and "crimes against humanity" (count II), and he seeks declaratory and equitable relief, compensatory damages, and punitive damages.

Plaintiff appears to be asserting a claim under 42 U.S.C. § 1983 based on alleged violation of the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. "The [Equal Protection] Clause 'creates no substantive rights. Instead, it embodies a general rule that States must treat cases alike but may treat unlike cases accordingly." Teigen v. Renfrow, 511 F.3d 1072, 1083 (10th Cir. 2007). "Unless a statute being challenged on equal protection grounds 'jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic,' it will be 'presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest . . . ." Coalition for Equal Rights, Inc. v. Ritter, 517 F.3d 1195, 1199 (10th Cir. 2008). There is no federal statute of limitations for a plaintiff to bring a § 1983 claim but, instead, a federal district must borrow the state statute of limitations for an analogous cause of action under state law. Wilson v. Garcia, 471 U.S. 261, 271 (1985). The Tenth Circuit has determined that the Oklahoma statute of limitations for personal injury actions is applicable, and Oklahoma provides a two year statute of limitations for such claims. Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988).

The Court initially notes that the Cherokee Nation has sovereign immunity from suit and is not subject to suit absent congressional authorization or a tribal waiver of sovereign immunity. Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 755 (1998) ("[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."). Plaintiff's complaint contains no allegations suggesting that the Cherokee Nation has waived its sovereign immunity as to his claims, and Congress has not waived the tribe's sovereign

immunity from suit. The Court has no jurisdiction over plaintiff's claims against the Cherokee Nation. As to plaintiff's claims against the remaining defendants, the statute of limitations has long-since expired for plaintiff's § 1983 claim against Delaware County and county officials. The events giving rise to plaintiff's claims took place in 1986 and 1987, and the statute of limitations for a § 1983 claim is two years. Plaintiff's § 1983 claim is barred by the statute of limitations. As to count II, plaintiff has not identified any legal authority suggesting that violation of human rights or "crimes against humanity" is a recognized cause of action under state or federal law, and plaintiff must identify a specific legal right that has been infringed by defendants in order to state a claim. Plaintiff has failed to state a claim upon which relief can be granted and his claims should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint (Dkt. # 1) is **dismissed without prejudice** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith.

**DATED** this 27th day of June, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE